Charles L. Meyer and Camilla K. Meyer, Husband and Wife v. Commissioner.
Meyer v. Commissioner
Docket No. 47740,
United States Tax Court
T.C. Memo 1955-47; 1955 Tax Ct. Memo LEXIS 289; 14 T.C.M. (CCH) 160; T.C.M. (RIA) 55047; February 29, 1955
*289 Respondent erred in holding that the gains arising from certain sales of property are taxable as ordinary gain rather than as gain from the sale of capital assets. Nicholas Bauer, Esq., Second National Bank Building, Cincinnati, Ohio, and Robert C. Martin, Esq., for the petitioners. Charles B. Norris, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in income tax of petitioners for the year 1949 in the amount of $1,718.22. In the pleadings, petitioners do not contest one adjustment made by respondent with respect to an alleged installment sale of real property and adduced no evidence with regard thereto at the trial. The sole issue remaining to be resolved is whether the gain realized by petitioners from the sale of certain building lots is taxable as capital gain or as ordinary income. Findings of Fact The petitioners are Charles L. Meyer (hereinafter referred to as petitioner) and his wife, Camilla K. Meyer, who are residents in Cincinnati, Ohio. They filed their joint income tax return for 1949, the year here involved, with the collector of internal revenue for the Cincinnati district. In 1944, while petitioner was *290 serving in the Armed Forces of the United States, he requested that his father purchase, as an investment, a tract of land in Hamilton County, Ohio. By purchase contract dated September 7, 1944, Louis L. Meyer (hereinafter referred to as Louis), father of petitioner, purchased on behalf of petitioner from Josephine Helbling certain real property lying on both sides of Westwood Northern Boulevard, being situate in sections two and three, Green Township, Hamilton County, Ohio, and consisting of approximately 28 acres. Conveyance was made to Louis by deed on December 13, 1944. Petitioner paid Louis for the property by giving him a note dated January 15, 1945, in the amount of $13,883.60, which note was subsequently paid. The land in question is adjacent to Westwood Commons, owned by the Board of Education, and on which were located four baseball diamonds, three tennis courts, a public swimming pool, and various playground facilities for children. The tract thus purchased consisted of parcels A, B, C and D, each of which had frontage on an established street. Parcels A, B and C fronted on Westwood Northern Boulevard and Parcel D on Old Bracken Road. Such property was deeded to petitioner *291 by Louis in 1948. The deed was not recorded until 1950 because of the discovery of a cloud on title which it was first necessary to clear. A considerable portion of the property was economically unsuitable for the construction of homes due to the rocky terrain thereof. Petitioner made no improvements thereto by way of grading or changing the contour of the land and never had it subdivided into lots. Petitioner never advertised the property for sale and never solicited any purchaser for any part of it. No advertising signs were erected on the property. Sewerage facilities with no outlets had been installed at the time Westwood Northern Boulevard was built. It was necessary that such outlets be made for any house subsequently constructed. Water was not brought to the property until petitioner constructed a house for himself thereon in 1948. This was the first building on the property. At the same time, petitioner contracted to have the existing gas line extended 1,260 feet, for 960 feet of which he paid $1,200. The other 300 feet were allowed as a free extension for four existing dwelling units. Following his discharge from the Army in December, 1945, petitioner, as of July 1, 1946, *292 entered into an agreement with Louis whereby the former became a partner with the latter under the name of Meyer Builders. Pursuant to such agreement, petitioner agreed to pay Louis the amount of $15,000, payable in three installments of $5,000 each, for a half interest in the business theretofore carried on by Louis. Such indebtedness was evidenced by a promissory note of even date. Louis has, and at that time had, a brokerage license. He had been in the building business since 1918. Petitioner is not licensed as a broker and does not have a license for selling real estate. On June 25, 1948, Meyer Builders, by Louis, contracted with Stanley G. Schneider to construct a home for and sell same to the latter on a lot within the tract here involved. On September 3, 1948, Meyer Builders, by Louis, entered into a building contract for construction of a residence at 2544 Westwood Northern Boulevard with Frank W. Comello. On November 22, 1948, Meyer Builders, by Louis, executed a contract for the sale of a part of the tract known as 2539 Westwood Northern Boulevard to J. Joseph Petry. Meyer Builders, through Louis, entered into a contract for sale of the property located at 2526 Westwood Northern *293 Boulevard to Clifford Hase on September 19, 1949. A house had theretofore been constructed thereon by Louis Meyer, who bought the lot from petitioner. Petitioner sold these four lots primarily to obtain money with which to pay his indebtedness to his father. Petitioner still owns an estimated 65 per cent to 75 per cent of the original acreage purchased. Petitioner, who had bought the property as an investment, never converted it into property held for sale primarily to customers in the ordinary course of his trade or business. It was not real property used in the trade or business of petitioner. The gain derived from the sale of the lots in question was reported by petitioners on their income tax return for 1949 as long term capital gains. Opinion VAN FOSSAN, Judge: The above findings of fact are dispositive of this case and no useful purpose will be served by repeating such facts or the conclusions of fact. On the record before us, petitioners should prevail. Decision will be entered under Rule 50.